IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **CHILTON FINANCIAL SERVICES, L.P.** | § | |
| **AND TERRY CHILTON,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **ST. PAUL FIRE AND MARINE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## EXHIBIT B TO THE NOTICE OF REMOVAL

Pursuant to this Court's Local Rule CV-81(c)(2), attached are:

(1)    a certified copy of the docket sheet in the State Court Action; and

(2)    copies of all pleadings that assert causes of action, all answers to such pleadings, and all process and orders in the record in the State Court Action as of November 18, 2015.

```
CMI008V2 CIV              CASE MANAGEMENT INQUIRE                    15:52:56
 DSPFMT4                                                             11/18/15
Cause No. A 0197597         Date Filed:  9/24/15        Status PENDING

Style CHILTON FINANCIAL SERVICES LP ET AL
   vs  ST PAUL FIRE AND MARINE INSURANCE COMPANY

Case Type OTHER CASE
Age 00 yrs  01 mos     Level: 2     Paupers Oath: NO
Exparte NO       Jury NO       Jury Voir Dire NO       Jury Sworn NO
Cross Action Filed NO           Intervention Made NO     File Jacket DCO
All Cit. Per YES   Last Per 10/22/15     All Ans YES  Last Ans  0/00/00
Curr Crt: 58   Orig Crt: 58      Judge: KENT WALSTON
Trans to:          Date Trans:  0/00/00
Dismissal
Disposition                                          Date
State Code:                                          Re-Opened:  0/00/00
Remarks:



ENTER/Cont.     CMD 1/Menu    CMD 2/Backup    CMD 3/Parties
CMD 4/Events    CMD 5/Memos   CMD 6/Subpoenas   CMD 7/Filings    CMD 10/Dckt Sht
```

```
11/18/15          Jefferson County Case Management System              15:52:59
                     Case Inquiry - Parties to Suit
                            Cmd17/Find
Cause No A 0197597      Style CHILTON FINANCIAL SERVICES LP ET AL
                         vs  ST PAUL FIRE AND MARINE INSURANCE COMPANY


Name/Attorney                         Cit Issued/Perfected/Answer Filed
CHILTON FINANCIAL SERVICES LP                        P
   GARTNER-ILAI, TARRON               0/00/00        10/22/15          0/00/00
CHILTON, TERRY WAYNE                                 P
   GARTNER-ILAI, TARRON               0/00/00         0/00/00          0/00/00
ST PAUL FIRE AND MARINE INSURANCE COMPANY            D
   NO ATTORNEY AT THIS TIME           0/00/00        10/22/15         11/16/15
LIST END




ENTER/Continue         CMD 1/Menu          CMD 2/Backup          CMD 3/Parties
CMD 4/Events           CMD 5/Memos         CMD 6/Subpoenas       CMD 7/Filings
```

```
11/18/15            Jefferson County Case Management System            15:53:01
                         Case Inquiry - Filings
                              CMD17/Find
Cause No A 0197597      Style CHILTON FINANCIAL SERVICES LP ET AL
                         vs  ST PAUL FIRE AND MARINE INSURANCE COMPANY

X   Date    Instrument Filed                        Side   Charge    E-File
_  11/16/15 ANSWER                                   D      $.00
_  11/09/15 LETTER (REQUEST)                         P      $.00
_  10/28/15 CITATION (RETURN)                        P      $.00
_  10/19/15 CITATION                                 P     $78.00
_  10/15/15 CIVIL PROCESS FORM                       P      $.00
_   9/25/15 PETITION (1ST AMENDED)                   P      $.00
_   9/24/15 PETITION (PLAINTIFF'S ORIGINAL)          P      $.00
_   9/24/15 CASE INFORMATION SHEET                   P      $.00
            LIST END


ENTER/Continue      CMD 1/Menu        CMD 2/Backup      CMD 3/Parties
CMD 4/Events        CMD 5/Memos       CMD 6/Subpoenas   CMD 7/Accounts
```

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

NOV 1 8 2015

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
BY_____DEPUTY

**Jefferson County**
**District Clerk's Office**
1085 Pearl Street
Room 203
Beaumont, TX  77701
409-835-8580
Fax 409-835-8527



**Family Law Division**
409-835-8653

**Child Support**
P. O. Box 3586
Beaumont, TX 77704
409-835-8425

**JAMIE SMITH**
**District Clerk**

April 23, 2015

In 2015 the Jefferson County District Clerks office filed a Declaration of Compliance with the Texas State Library and Archives Commission.

As records management officer for the local government or elective county office named, I hereby declare, that in lieu of filing records control schedules, we have adopted records control schedules that comply with minimum requirements established on records retention schedules issued by the Texas State Library and Archives Commission for use in our records management program. In doing so, I also certify that the administrative rules for electronic records, adopted by the commission under Local Government Code 205.003(a) will be followed for records subject to the rules.

A copy of the accepted Declaration of compliance is attached.

Jamie Smith

Original

# Declaration of Compliance
### with the Records Scheduling Requirement of the Local Government Records Act
*Submitted pursuant to Local Government Code §203.041(a)(2)*

Texas
State Library
and Archives
Commission

## Section 1 SUBMISSION OF DATA

1. Government: Jefferson County
2. Address: 1085 Pearl Street RM #203
   City: Beaumont   ZIP code: 77701
3. Telephone: 409-935-8518 4. Email (optional): jsmith@co.jefferson.tx.us

## Section 2 LOCAL GOVERNMENT CERTIFICATION

As records management officer for the local government or elective county office named, I hereby declare, that in lieu of filing records control schedules, we have adopted records control schedules that comply with minimum requirements established on records retention schedules issued by the Texas State Library and Archives Commission (as checked below) for use in our records management program. In doing so, I also certify that the administrative rules for electronic records, adopted by the commission under Local Government Code §205.003(a) will be followed for records subject to the rules. I understand that:

- the validity of this declaration is contingent on its acceptance for filing by the commission;
- if we have previously filed documentation with the commission in which we declared our intent to retain all records permanently, we must attach amended documentation to this declaration before it can be accepted for filing;
- the records retention schedules adopted by this declaration may be amended by filing for approval a supplemental Records Control Schedule Amendment (SLR 520) on which are listed proposed retention periods for records that do not appear on schedules issued by the commission (as checked below);
- if a supplemental Records Control Schedule Amendment is not filed, we must file a Request for Authorization to Destroy Unscheduled Records (SLR 501) in order to destroy records that do not appear on schedules issued by the commission (as checked below); and
- the commission will provide us with access to subsequent editions of any schedules issued by the commission.

1. **I hereby declare that our records control schedules will comply with the following schedules issued by the commission:**

| | |
|---|---|
| ☐ Schedule CC (Records of County Clerks) | ☐ Schedule LC (Records of Justice and Municipal Courts) |
| ☑ Schedule DC (Records of District Clerks) | ☐ Schedule PS (Records of Public Safety Agencies) |
| ☐ Schedule EL (Records of Elections and Voter Registration) | ☐ Schedule PW (Records of Public Works and Services) |
| ☑ Schedule GR (Records Common to All Governments) | ☐ Schedule SD (Records of Public School Districts) |
| ☐ Schedule HR (Records of Public Health Agencies) | ☐ Schedule TX (Records of Property Taxation) |
| ☐ Schedule JC (Records of Public Junior Colleges) | ☐ Schedule UT (Records of Utility Services) |

2. **If any records control schedules or amendments have been filed with the commission, I also hereby declare that those schedules or amendments:**

☑ are superseded by this declaration.

○ are not superseded by this declaration. I understand that, in the event of a conflict between the previously filed records control schedules or amendments and the schedules adopted by this declaration, the longer retention period shall apply.

Name and Title: Jamie Smith Jefferson County District Clerk

Signature: Jamie Smith   Date: 1/27/2015

## Section 3 TEXAS STATE LIBRARY ACCEPTANCE (to be completed by Texas State Library)

This Declaration of Compliance has been accepted for filing pursuant to Local Government Code §203.043(a). A record appearing on a schedule issued by the commission (as checked above) may be disposed of at the expiration of its retention period without additional notice to the Director and Librarian, subject to the provisions of Local Government Code §203.041(d).

Name and Title: SARAH JACOBSON – MANAGER, RECORDS MGMT. ASSISTANCE

Signature:   Date: 02/23/15

123 05 000 MS

RECEIPT FOR: FEES                                                    E-FILING

```
Cause No: A-0197597          Date:  9/24/15          Receipt No:   325424
  Style:  CHILTON FINANCIAL SERVICES LP ET AL
     vs ST PAUL FIRE AND MARINE INSURANCE COMPANY

  Paid By: GARTNER-ILAI, TARRON                                P
  Amt Paid:     354.00 EFILE007087216-0   Bal Due:

   10.00      RECORDS MANAGEMENT         10.00    COURT RECORD PRESERVATIO
   10.00      RECORDS ARCHIVE FEE         2.00    ELECTRONIC FILING FEE ($
   50.00      COUNTY FILING FEE          12.00    COPIES
   50.00      STATE FILING FEE
   10.00      LIBRARY FEE
   15.00      MEDIATION CENTER FEE
   15.00      STENO
    5.00      SECURITY FEE
   10.00      INDIGENT FEE
   42.00      JUDICIAL SUPPORT
    5.00      APPELLATE JUDICIAL SYSTE
   30.00      ELECTRONIC FILING FEE
```

                 JAMIE SMITH, CLERK DISTRICT COURTS
                     Jefferson County, Texas

                        By: _____
_____         ODBC            Deputy

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED   Chilton Financial Services, L.P. and Terry Wayne Chilton v. St. Paul Fire and Marine Insurance Company
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: | Email: | Plaintiff(s)/Petitioner(s): | ☒ Attorney for Plaintiff/Petitioner |
| Tarron Gartner-Ilai | tarron@amystewartlaw.com | Chilton Financial Services, L.P. | ☐ Pro Se Plaintiff/Petitioner |
| | | | ☐ Title IV-D Agency |
| Address: | Telephone: | Terry Wayne Chilton | ☐ Other: |
| 5307 E. Mockingbird Ln., Ste. 425 | 214-233-7076 | | Additional Parties in Child Support Case: |
| City/State/Zip: | Fax: | Defendant(s)/Respondent(s): | Custodial Parent: |
| Dallas, Texas 75206 | 214-975-2806 | St. Paul Fire and Marine Insurance Company | Non-Custodial Parent: |
| Signature: | State Bar No: | | Presumed Father: |
| *Tarron Gartner-Ilai* | 18686175 | | |
| | | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law |
|---|---|---|---|

**Civil**

**Contract**

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☒ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:

- ☐ Motor Vehicle Accident
- ☐ Premises

*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:

- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other:

**Family Law**

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void

*Divorce*
- ☐ With Children
- ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property

- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:

- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100, $100,000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☒ Over $1,000,000

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
9/24/2015 3:47:44 PM
JAMIE SMITH
DISTRICT CLERK
A-197597

CAUSE NO. _____

| | | |
|---|---|---|
| CHILTON FINANCIAL SERVICES, L.P. | § | IN THE DISTRICT COURT OF |
| AND TERRY WAYNE CHILTON, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| ST. PAUL FIRE AND MARINE | § | |
| INSURANCE COMPANY, | § | |
|     Defendant. | § | JEFFERSON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs Chilton Financial Services, L.P. and Terry Wayne Chilton, ("Plaintiffs" or, collectively, "Chilton"), file this Original Petition against Defendant St. Paul Fire and Marine Insurance Company ("Defendant" or "St. Paul") and for cause of action would show the Court the following:

### SUMMARY OF CLAIM

1.    This is an insurance coverage dispute involving St. Paul's wrongful refusal to indemnify a $1.3M FINRA arbitration award, now confirmed as a judgment, under a Life & Health Insurance Agents' Professional Liability.  The underlying arbitration involved claims by former clients of Chilton -- Rex McCorquodale, Ann McCorquodale, and Knox McCorquodale (the "McCorquodales") -- over variable annuities sold by Chilton, which the McCorquodales alleged were unsuitable for their financial condition.

2.    St. Paul agreed to defend the underlying arbitration, it failed to raise several policy exclusions upon which it now seeks to rely.  Shortly before the underlying case was mediated, more than fifteen months into the proceedings, St. Paul asserted the right to rely upon a policy exclusion for the violation of federal securities law, even though the McCorquodales

---

had not asserted any federal claim and variable annuities are not considered securities under the Texas Securities Act. St. Paul then refused to accept a demand for settlement within Chilton's policy limits, despite the recommendations of counsel hired by St. Paul to defend the claims, standing firmly on what it called an "absolute Securities exclusion."

3.      After judgment was entered, St. Paul denied coverage, asserting for the first time, that the damages awarded to the McCorquodales were barred under the terms of a Mutual Funds Coverage Endorsement, excluding coverage for damages caused by fluctuation of the market value of any security, despite the fact that variable annuities are neither securities nor mutual funds under Texas law.

4.      In addition to financial ruin, Chilton now faces irreparable harm as the result of expedited proceedings initiated by FINRA to suspend his license because the award remains unpaid. Chilton seeks to recover the amount of the arbitration award, together with interest accrued thereon, all direct economic and consequential harm, damages as provided under the Texas Insurance Code, and attorneys' fees, as set forth herein.

## DISCOVERY-CONTROL PLAN

5.      Plaintiff requests that discovery be conducted under Level 3 of Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure.

## CLAIM FOR RELIEF

6.      Plaintiffs seek monetary relief over $1,000,000. Tex. R. Civ. P. 47(c)(5).

## PARTIES

7.      Plaintiff Chilton Financial Services, L.P., is a Texas limited partnership organized and existing under the laws of Texas with its principal place of business in Jefferson County, Texas.

8.     Plaintiff Terry Wayne Chilton is an individual United States citizen who resides in Beaumont, Jefferson County, Texas.

9.     Defendant St. Paul Fire and Marine Insurance Company, is a foreign insurance carrier admitted by the Texas Department of Insurance to issue property and casualty insurance policies in the state of Texas.  St. Paul may be served with process by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin Texas 78701-3218.

## JURISDICTION AND VENUE

10.     Jurisdiction and venue of this action are proper in Jefferson County, Texas pursuant to Section 15.002 of the Texas Civil Practice & Remedies Code as Jefferson County is: a) the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; and b) the county in which Plaintiffs conduct business and reside.

## FACTS

11.     Terry Wayne Chilton is a licensed broker-dealer with more than 45 years of experience as a financial planner.  Mr. Chilton is the general partner of Chilton Financial Services, LP.

12.     Terry Chilton and Chilton Financial were named as defendants in a civil lawsuit and respondents in a FINRA arbitration proceeding filed by the Rex, Ann, and Knox McCorquodale, former clients of Chilton.  The McCorquodales made identical allegations in both the FINRA Proceeding and the civil suit (the "Lawsuit").[1]  The Lawsuit was later stayed, and the claims heard in the FINRA Proceeding.

13.     The McCorquodales alleged that from 2007-2013, Chilton improperly invested almost the entirety of their liquid net worth, a total of more than $6M, into variable annuities that

---

[1] *Rex McCorquodale, Ann McCorquodale, and Knox McCorquodale v. Terry Wayne Chilton, et al.*, pending as Case No. 13-02390 before the Financial Industry Regulatory authority (the "FINRA Proceeding"), and as Case No. D-130258-C, in the 260th District Court of Orange County, Texas (the "Lawsuit").

were unsuitable for their age and financial condition.

14.     The McCorquodales admittedly made withdrawals against their annuity accounts, suffering penalties for early withdraw and taxable events.  The McCorquodales claim that they requested Mr. Chilton invest their money in a less aggressive allocation, but were advised it was not possible.  The McCorquodales alleged Chilton should have invested (or advised them to invest) their money into a less aggressive portfolio, such as individual securities and mutual funds.

15.     As a result, the McCorquodales allegedly suffered surrender charges, penalties for early withdrawal, and damages due to the occurrence of taxable events.  The McCorquodales also accused Chilton of "churning" their portfolio by selling them additional annuities through different broker-dealers, causing them to suffer additional unnecessary surrender charges.

16.     The McCorquodales sought in excess of $2M in damages for fraud, breach of fiduciary duty, negligence, gross negligence, negligent misrepresentation, violations of the Texas Deceptive Trade Practices Act, violations of the Texas Securities Act, breach of contract and violations of the Texas Insurance Code.

17.     Chilton is insured under a Life & Health Insurance Agents' Professional Liability policy issued by St. Paul Company, number ZPL11P0498213N1, effective 07/15/2013–07/15/2014 (the "Policy").

18.     The Policy provides coverage to Chilton for Damages and Defense Expenses for any Claim first made during the Policy Period, caused by a Wrongful Act committed on or after any applicable Retroactive Date.

19.     The term "Wrongful Act" is defined in the Policy to mean any: "actual or alleged act, error, omission or Personal Injury Offense in the rendering of, or failure to render

Professional Services."

20.     The term "Professional Services" is defined in the Policy to mean "those services performed for others in the capacities set forth in ITEM 4 of the Declarations." ITEM 4 of the Declarations defines those services to be:

> COVERAGE INCLUDED AS OF THE INCEPTION DATE IN ITEM 2:
> Insurance Professionals Liability Coverage
> Services Performed for Others:
>         Life, Health and Accident Insurance Agent or Broker
>         …
>         Sale and Servicing of Mutual Funds

21.     The Policy Retroactive Date is 09/01/1996. Importantly, however, the Policy contains an Endorsement (PT C-2066 Ed. 07-10) excluding coverage for any Claim arising out of a Wrongful Act in the rendering or failure to render "Specified Professional Services" prior to the "Specified Professional Services Wrongful Act Date." The Endorsement defines the "Specified Professional Services" to be "Mutual Funds," and the "Specified Professional Services Wrongful Act Date" to be 07/15/2013."

22.     The term "Damages" is defined in the Policy to mean "money that an Insured is legally obligated to pay as settlements, judgments, and compensatory damages; punitive or exemplary damages if insurable under the applicable law most favorable to the insurability of punitive or exemplary damages; or prejudgment or postjudgment interest."

23.     St. Paul defended the arbitration proceeding pursuant to a reservation of rights, dated November 13, 2013. In it, St. Paul asserted that the McCorquodales' claims were excluded by a contract exclusion (for liability assumed by contract); a Policy exclusion for warranties or guaranties as to the performance of investments; a Policy exclusion for the disgorgement of fees and commissions; and a Policy exclusion for criminal, fraudulent, dishonest or malicious conduct committed by the Insured.

24.     The FINRA proceeding was mediated on February 11, 2015.  On February 26, 2015, days after the mediation, St. Paul dropped a bomb, asserting—for the first time in a second reservation of rights—that the McCorquodales' claims were governed by a Policy exclusion for claims "based upon or arising out of any violation of the Securities Act of 1933, as amended, the Securities Exchange Act of 1934, as amended, or any state Blue Sky law, or any similar state or federal statute or law, or any regulation or order issued pursuant to any of the foregoing."

25.     At the mediation, the McCorquodales demanded $875,000 (or the remaining limits of Chilton's liability insurance) to settle their multi-million dollar claims, in exchange for an unconditional release.  Against the advice of the attorneys hired by St. Paul to defend the McCorquodales' claims, Travelers offered only $50,000—a fraction of Chilton's potential exposure.

26.     St. Paul maintained, despite repeated demands by Chilton the suit be settled, that the claims were barred by what it deemed to be the "absolute Securities exclusion," regardless of the facts that (a) the McCorquodales did not allege Chilton violated any federal securities law; and, (b) variable annuities, by definition, are not "securities" under the Texas Securities Act.

27.     The arbitration was conducted March 23, 2015 through March 28, 2015.  During the proceedings, the McCorquodales dropped their securities claims, and proceeded on their negligence, breach of fiduciary duty, misrepresentation and insurance code claims.

28.     On May 15, 2015, the FINRA arbitrators issued their ruling, awarding the McCorquodales in excess of $1.3M in damages:

> After considering the pleadings, the testimony, the evidence presented at the hearing, and the post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:
>
> 1.) Respondents Terry Wayne Chilton, Chilton Financial Services, Inc., and Chilton Financial Services, L.P. are jointly and severally liable for

and shall pay to Claimants, Rex McCorquodale, Ann McCorquodale, and Knox McCorquodale, the sum of $1,142,000.00 in compensatory damages;

2.) Respondents Terry Wayne Chilton, Chilton Financial Services, Inc., and Chilton Financial Services, L.P. are jointly and severally liable for and shall pay to Claimants, Rex McCorquodale, Ann McCorquodale, and Knox McCorquodale, the sum of $30,000.00 for expert witness costs;

3.) Respondents Terry Wayne Chilton, Chilton Financial Services, Inc., and Chilton Financial Services, L.P. are jointly and severally liable for and shall pay to Claimants, Rex McCorquodale, Ann McCorquodale, and Knox McCorquodale, the sum of $250.00 in costs as reimbursement of the non-refundable portion of the filing fee; and

4.) Any relief not specifically enumerated, including punitive damages and attorneys' fees, is hereby denied with prejudice.

In addition to the award, Chilton was also ordered to pay $250.00 in filing fees and $14,000 in fees related to the arbitration proceedings.

29.    On May 19, 2015, Chilton demanded that St. Paul pay the entirety of the award. St. Paul refused.

30.    FINRA Rule 9554 provides that FINRA may suspend the license of any broker-dealer who fails to pay an arbitration award within thirty days.  The only defenses that may be asserted to a Rule 9554 proceeding are (a) payment; (b) a fully executed settlement under which the member's obligations are current; (c) the filing of a motion to vacate; or (d) where the member files for bankruptcy protection.

31.    On June 16, 2015, knowing what was about to occur, and facing irreparable harm and financial ruin, Chilton again demanded that St. Paul pay the award, or take action to prevent the suspension of his license.  Sure enough, by letter dated June 30, 2015 FINRA notified Chilton that his license would be suspended on July 21, 2015 unless he could show that one of the Rule 9554 defenses had been satisfied.

32.     St. Paul instead agreed to pay for Chilton's defense counsel to file a motion seeking to vacate the award, pursuant to the terms of the Policy but refused to advise Chilton one way or the other what it intended to do if the motion to vacate was denied.

33.     The McCorquodales filed a motion to confirm the arbitration award in the Lawsuit. In the same suit, Chilton filed motion to vacate the award. Chilton's motion was heard on September 3, 2015, denied on September 6, 2015, and the FINRA award was confirmed as a judgment. Although it had ample opportunity to do so, St. Paul did not make a single settlement overture to the McCorquodales or make any attempt to protect Chilton's interests.

34.     Instead, knowing that Chilton would face expedited suspension proceedings immediately after the award was confirmed, St. Paul waited until September 11, 2015 to deny coverage again, this time asserting yet another baseless reason for its erroneous refusal to honor its contractual duties under the Policy.

35.     In its letter of September 11th, St. Paul asserted, post judgment, _for the first time,_ that the McCorquodales claims were barred by the terms of a Mutual Funds Coverage Endorsement applicable to the sale of mutual funds, (if covered by ITEM 4 of the Declarations). Although it is undisputed that the variable annuities made the basis of the McCorquodales' claims are not mutual funds, St. Paul now absurdly maintains that the Mutual Funds Coverage Endorsement, which excludes coverage for "fluctuation in the market value of any security," applies.

36.     On September 17, 2015, FINRA notified Chilton that his license would be suspended on October 6, 2015 unless he can show that one or more of the Rule 9554 defenses have been satisfied. Once again, Chilton faces irreparable harm to his long-standing reputation and certain financial ruin as a result of St. Paul's refusal to honor the terms of the Policy.

---

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

37.     Chilton incorporates the allegations made in paragraphs 1 - 37 above.

38.     The judgment entered is covered under the terms of the Policy issued by St. Paul. St. Paul breached its duties under the Policy by refusing to settle the McCorquodales' claims within Policy limits, and by refusing to pay the judgment entered against Chilton.

39.     The Securities exclusion does not apply because 1) the award is not based on the violation by Chilton of any federal securities laws, 2) the McCorquodales abandoned their claims under the Texas Securities Act, and 3) variable annuities are not considered securities under the Texas Securities Act.

40.     The Market Fluctuation exclusion does not apply because the exclusion is contained in Mutual Funds Coverage Endorsement and applies only to the sale of mutual funds. Variable annuities are neither mutual funds nor securities.  At the very least, the exclusion is ambiguous and must be construed in Chilton's favor.

41.     St. Paul is estopped from relying upon either the Securities Exclusion or the Market Fluctuation exclusion in any event because it undertook Chilton's defense without properly raising the exclusions, thereby prejudicing both Chilton's right to independent counsel and his ability to adequately prepare for the immediate suspension of his license following the issuance of the award.

## SECOND CAUSE OF ACTION – STOWERS LIABILITY

42.     Chilton incorporates the allegations made in paragraphs 1 - 41 above.

43.     During the proceedings, the McCorquodales presented a demand for settlement within the limits of the Policy, in exchange for a complete and unconditional release of their claims.

---

44.     St. Paul not only refused the demand, it failed to pursue or explore any meaningful opportunity for settlement, knowing full well the damage and harm that would befall Chilton in the event he was exposed to a judgment in excess of Policy limits that he could not pay.

45.     In so doing, St. Paul violated the duties owed to Chilton under *G. A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W. 2d 544, 547 (Tex. Comm. App. 1929, holding approved).

### THIRD CAUSE OF ACTION – VIOLATIONS OF THE TEXAS INSURANCE CODE

46.     Chilton incorporates the allegations made in paragraphs 1 - 45 above.

47.     St. Paul's conduct, as more fully described above, constitutes a violation of the Texas Insurance Code, § 541.060 et al, or the Unfair Settlement Practices Act by engaging in one or more of the following prohibited acts:

> a.      Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear. TEX. INS. CODE § 541.060 (a)(2)(A);
>
> b.      Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim. TEX. INS. CODE § 541.060(a)(3);
>
> c.      Failing within a reasonable time to affirm or deny coverage of a claim to a policyholder. TEX. INS. CODE § 541.060(a)(4)(A); and
>
> d.      Refusing to pay a claim without conducting a reasonable investigation with respect to the claim. TEX. INS. CODE § 541.060(a)(7).

48.     Defendant's conduct was done knowingly within the meaning of Tex. Ins. Code § 541.002(1). As a result of its actions, Defendant is subject to statutory penalties, including treble damages pursuant to Tex. Ins. Code § 541.152(b).

---

## DAMAGES

49.     Chilton incorporates the allegations made in paragraphs 1 - 48 above.

50.     As a result of St. Paul's conduct, Chilton has and will continue to suffer direct economic loss and damage, unending consequential damage, and irreparable harm and injury to his reputation.  Chilton was also forced, as a result of St. Paul's erroneous denial, to retain the services of the undersigned counsel.

51.     Chilton is entitled to recover the damages claimed, in addition to treble damages, punitive damages and attorneys' fees pursuant to the Texas Insurance Code and the Texas Civil Practice & Remedies Code.  See Tex. Civ. Prac. & Rem. Code § 38.001(8) (statutory basis for recovery of attorneys' fees in breach of contract case); and Tex. Ins. Code § 541.152(a)(1) (prevailing plaintiff may recover actual damages, plus court costs and reasonable and necessary attorneys' fees).

## CONCLUSION

Plaintiffs Chilton Financial Services, L.P. and Terry Wayne Chilton respectfully request that Defendant St. Paul Marine and Fire Insurance Company be cited to appear, that the Court award Plaintiffs the relief requested above, along with attorneys' fees, costs of court, pre-judgment interest and post-judgment interest, and such other and further relief, in law and equity, general and specific, to which Plaintiffs may be justly entitled.

Respectfully submitted,

By: _/s/ Tarron L. Gartner_
    Tarron L. Gartner
    State Bar No. 18686175
    tarron@amystewartlaw.com
    Whitney Warren
    State Bar No. 24084395
    whitney@amystewartlaw.com
    AMY STEWART PC
    5307 E. Mockingbird Lane, Suite 425
    Dallas, Texas 75206
    (214) 233-7076 – telephone
    (214) 975-2806 – facsimile

**ATTORNEYS FOR PLAINTIFFS
CHILTON FINANCIAL SERVICES, L.P.
AND TERRY WAYNE CHILTON**

4817-3829-6105, v. 2

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
9/25/2015 10:36:22 AM
JAMIE SMITH
DISTRICT CLERK
A-197597

CAUSE NO. A-197597

| | | |
|---|---|---|
| CHILTON FINANCIAL SERVICES, L.P. | § | IN THE DISTRICT COURT OF |
| AND TERRY WAYNE CHILTON, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 58TH JUDICIAL DISTRICT |
| | § | |
| ST. PAUL FIRE AND MARINE | § | |
| INSURANCE COMPANY, | § | |
| Defendant. | § | JEFFERSON COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED PETITION

Plaintiffs Chilton Financial Services, L.P. and Terry Wayne Chilton, ("Plaintiffs" or, collectively, "Chilton"), file this First Amended Petition against Defendant St. Paul Fire and Marine Insurance Company ("Defendant" or "St. Paul") and for cause of action would show the Court the following:

### SUMMARY OF CLAIM

1.     This is an insurance coverage dispute involving St. Paul's wrongful refusal to indemnify a $1.3M FINRA arbitration award, now confirmed as a judgment, under a Life & Health Insurance Agents' Professional Liability.  The underlying arbitration involved claims by former clients of Chilton -- Rex McCorquodale, Ann McCorquodale, and Knox McCorquodale (the "McCorquodales") -- over variable annuities sold by Chilton, which the McCorquodales alleged were unsuitable for their financial condition.

2.     Although St. Paul agreed to defend the underlying arbitration, it failed to raise several policy exclusions upon which it now seeks to rely.  Shortly before the underlying case was mediated, more than fifteen months into the proceedings, St. Paul asserted the right to rely upon a policy exclusion for the violation of federal securities law, even though the

McCorquodales had not asserted any federal claim and variable annuities are not considered securities under the Texas Securities Act.   St. Paul then refused to accept a demand for settlement within Chilton's policy limits, despite the recommendations of counsel hired by St. Paul to defend the claims, standing firmly on what it called an "absolute securities exclusion."

3.      After judgment was entered, St. Paul denied coverage, asserting for the first time, that the damages awarded to the McCorquodales were barred by a Mutual Funds Coverage Endorsement, excluding coverage for damages caused by "fluctuation of the market value of any security," despite the fact that variable annuities are neither securities nor mutual funds under Texas law.

4.      In addition to financial ruin, Chilton now faces irreparable harm as the result of expedited proceedings initiated by FINRA to suspend his license because the award remains unpaid.  Chilton seeks to recover the amount of the arbitration award, together with interest accrued thereon, all direct economic and consequential harm, damages as provided under the Texas Insurance Code, and attorneys' fees, as set forth herein.

## DISCOVERY-CONTROL PLAN

5.      Plaintiffs request that discovery be conducted under Level 3 of Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure.

## CLAIM FOR RELIEF

6.      Plaintiffs seek monetary relief over $1,000,000.  Tex. R. Civ. P. 47(c)(5).

## PARTIES

7.      Plaintiff Chilton Financial Services, L.P., is a Texas limited partnership organized and existing under the laws of Texas with its principal place of business in Jefferson County, Texas.

---

8.     Plaintiff Terry Wayne Chilton is an individual United States citizen who resides in Beaumont, Jefferson County, Texas.

9.     Defendant St. Paul Fire and Marine Insurance Company is a foreign insurance carrier admitted by the Texas Department of Insurance to issue property and casualty insurance policies in the state of Texas.  St. Paul may be served with process by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

10.     Jurisdiction and venue of this action are proper in Jefferson County, Texas pursuant to Section 15.002 of the Texas Civil Practice & Remedies Code as Jefferson County is: a) the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; and b) the county in which Plaintiffs conduct business and reside.

## FACTS

11.     Terry Wayne Chilton is a licensed broker-dealer with more than 45 years of experience as a financial planner.  Mr. Chilton is the general partner of Chilton Financial Services, L.P.

12.     Terry Chilton and Chilton Financial were named as defendants in a civil lawsuit (the "Lawsuit") and respondents in a FINRA arbitration proceeding (the "FINRA Proceeding")[1] filed by Rex, Ann, and Knox McCorquodale, former clients of Chilton.  The McCorquodales made identical allegations in both the FINRA Proceeding and the Lawsuit.  The Lawsuit was later stayed, and the claims were heard in the FINRA Proceeding.

13.     The McCorquodales alleged that from 2007-2013, Chilton improperly invested almost the entirety of their liquid net worth, a total of more than $6M, into variable annuities that

---

[1] *Rex McCorquodale, Ann McCorquodale, and Knox McCorquodale v. Terry Wayne Chilton, et al.*, pending as Case No. 13-02390 before the Financial Industry Regulatory authority (the "FINRA Proceeding"), and as Case No. D-130258-C, in the 260th District Court of Orange County, Texas (the "Lawsuit").

were unsuitable for their age and financial condition.

14.    The McCorquodales admittedly made withdrawals against their annuity accounts, suffering penalties for early withdrawal and taxable events. The McCorquodales claim that they requested Mr. Chilton invest their money in a less aggressive allocation, but were advised it was not possible. The McCorquodales alleged Chilton should have invested (or advised them to invest) their money into a less aggressive portfolio, such as individual securities and mutual funds.

15.    As a result, the McCorquodales allegedly suffered surrender charges, penalties for early withdrawal, and damages due to the occurrence of taxable events. The McCorquodales also accused Chilton of "churning" their portfolio by selling them additional annuities through different broker-dealers, causing them to suffer additional unnecessary surrender charges.

16.    The McCorquodales sought in excess of $2M in damages for fraud, breach of fiduciary duty, negligence, gross negligence, negligent misrepresentation, violations of the Texas Deceptive Trade Practices Act, violations of the Texas Securities Act, breach of contract and violations of the Texas Insurance Code.

17.    Chilton is insured under a Life & Health Insurance Agents' Professional Liability policy issued by St. Paul Company, number ZPL11P0498213N1, effective 07/15/2013–07/15/2014 (the "Policy").

18.    The Policy provides coverage to Chilton for Damages and Defense Expenses for any Claim first made during the Policy Period, caused by a Wrongful Act committed on or after any applicable Retroactive Date.

19.    The term "Wrongful Act" is defined in the Policy to mean any: "actual or alleged act, error, omission or Personal Injury Offense in the rendering of, or failure to render

Professional Services."

20.     The term "Professional Services" is defined in the Policy to mean "those services performed for others in the capacities set forth in ITEM 4 of the Declarations." ITEM 4 of the Declarations defines those services to be:

> COVERAGE INCLUDED AS OF THE INCEPTION DATE IN ITEM 2:
> Insurance Professionals Liability Coverage
> Services Performed for Others:
> > Life, Health and Accident Insurance Agent or Broker
> > …
> > Sale and Servicing of Mutual Funds

21.     The Policy Retroactive Date is 09/01/1996.   Importantly, however, the Policy contains an Endorsement (PT C-2066 Ed. 07-10) excluding coverage for any Claim arising out of a Wrongful Act in the rendering or failure to render "Specified Professional Services" prior to the "Specified Professional Services Wrongful Act Date." The Endorsement defines the "Specified Professional Services" to be "Mutual Funds," and the "Specified Professional Services Wrongful Act Date" to be 07/15/2013.

22.     The term "Damages" is defined in the Policy to mean "money that an Insured is legally obligated to pay as settlements, judgments, and compensatory damages; punitive or exemplary damages if insurable under the applicable law most favorable to the insurability of punitive or exemplary damages; or prejudgment or postjudgment interest."

23.     St. Paul defended the FINRA Proceeding pursuant to a reservation of rights dated November 13, 2013. In it, St. Paul asserted that the McCorquodales' claims were excluded by a contract exclusion (for liability assumed by contract); a Policy exclusion for warranties or guaranties as to the performance of investments; a Policy exclusion for the disgorgement of fees and commissions; and a Policy exclusion for criminal, fraudulent, dishonest or malicious conduct committed by the Insured.

24.     The FINRA Proceeding was mediated on February 11, 2015. On February 26, 2015, days after the mediation, St. Paul dropped a bomb, asserting—for the first time in a second reservation of rights—that the McCorquodales' claims were governed by a Policy exclusion for claims "based upon or arising out of any violation of the Securities Act of 1933, as amended, the Securities Exchange Act of 1934, as amended, or any state Blue Sky law, or any similar state or federal statute or law, or any regulation or order issued pursuant to any of the foregoing."

25.     At the mediation, the McCorquodales demanded $875,000 (or the remaining limits of Chilton's liability insurance) to settle their multi-million dollar claims, in exchange for an unconditional release. Against the advice of the attorneys hired by St. Paul to defend the McCorquodales' claims, Travelers offered only $50,000—a fraction of Chilton's potential exposure.

26.     St. Paul maintained, despite repeated demands by Chilton the suit be settled, that the claims were barred by what it deemed to be the "absolute Securities exclusion," regardless of the facts that 1) the McCorquodales did not allege Chilton violated any federal securities law, and 2) variable annuities, by definition, are not "securities" under the Texas Securities Act.

27.     The arbitration was conducted March 23, 2015 through March 28, 2015. During the proceedings, the McCorquodales dropped their securities claims, and proceeded on their claims for negligence, breach of fiduciary duty, misrepresentation, and insurance code violation.

28.     On May 15, 2015, the FINRA arbitrators issued their ruling, awarding the McCorquodales in excess of $1.3M in damages:

> After considering the pleadings, the testimony, the evidence presented at the hearing, and the post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:
>
> 1.) Respondents Terry Wayne Chilton, Chilton Financial Services,

Inc., and Chilton Financial Services, L.P. are jointly and severally liable for and shall pay to Claimants, Rex McCorquodale, Ann McCorquodale, and Knox McCorquodale, the sum of $1,142,000.00 in compensatory damages;

2.) Respondents Terry Wayne Chilton, Chilton Financial Services, Inc., and Chilton Financial Services, L.P. are jointly and severally liable for and shall pay to Claimants, Rex McCorquodale, Ann McCorquodale, and Knox McCorquodale, the sum of $30,000.00 for expert witness costs;

3.) Respondents Terry Wayne Chilton, Chilton Financial Services, Inc., and Chilton Financial Services, L.P. are jointly and severally liable for and shall pay to Claimants, Rex McCorquodale, Ann McCorquodale, and Knox McCorquodale, the sum of $250.00 in costs as reimbursement of the non-refundable portion of the filing fee; and

4.) Any relief not specifically enumerated, including punitive damages and attorneys' fees, is hereby denied with prejudice.

In addition to the award, Chilton was also ordered to pay $250.00 in filing fees and $14,000 in fees related to the arbitration proceedings.

29.    On May 19, 2015, Chilton demanded that St. Paul pay the entirety of the award. St. Paul refused.

30.    FINRA Rule 9554 provides that FINRA may suspend the license of any broker-dealer who fails to pay an arbitration award within thirty days. The only defenses that may be asserted to a Rule 9554 proceeding are 1) payment; 2) a fully executed settlement under which the member's obligations are current; 3) the filing of a motion to vacate; or 4) where the member files for bankruptcy protection.

31.    On June 16, 2015, knowing what was about to occur, and facing irreparable harm and financial ruin, Chilton again demanded that St. Paul pay the award, or take action to prevent the suspension of his license. Sure enough, by letter dated June 30, 2015, FINRA notified Chilton that his license would be suspended on July 21, 2015 unless he could show that one of

the Rule 9554 defenses had been satisfied.

32. St. Paul instead agreed to pay for Chilton's defense counsel to file a motion seeking to vacate the award, pursuant to the terms of the Policy, but refused to advise Chilton one way or the other what it intended to do if the motion to vacate was denied.

33. The McCorquodales filed a motion to confirm the arbitration award in the Lawsuit. In the same Lawsuit, Chilton filed a motion to vacate the award. Chilton's motion was heard on September 3, 2015, denied on September 6, 2015, and the FINRA award was confirmed as a judgment. Although it had ample opportunity to do so, St. Paul did not make a single settlement overture to the McCorquodales, or make any attempt to protect Chilton's interests.

34. Instead, knowing that Chilton would face expedited suspension proceedings immediately after the award was confirmed, St. Paul waited until September 11, 2015 to deny coverage again, this time asserting yet another baseless reason for its erroneous refusal to honor its contractual duties under the Policy.

35. In its letter of September 11th, St. Paul asserted, post judgment, <u>for the first time</u>, that the McCorquodales' claims were barred by the terms of a Mutual Funds Coverage Endorsement applicable to the sale of mutual funds, (if covered by ITEM 4 of the Declarations). Although it is undisputed that the variable annuities made the basis of the McCorquodales' claims are not mutual funds, St. Paul now absurdly maintains that the Mutual Funds Coverage Endorsement, which excludes coverage for "fluctuation in the market value of any security," applies.

36. On September 17, 2015, FINRA notified Chilton that his license will be suspended on October 6, 2015 unless he can show that one or more of the Rule 9554 defenses have been satisfied. Once again, Chilton faces irreparable harm to his long-standing reputation

and certain financial ruin as a result of St. Paul's refusal to honor the terms of the Policy.

**FIRST CAUSE OF ACTION – BREACH OF CONTRACT**

37.     Chilton incorporates the allegations made in paragraphs 1 - 36 above.

38.     The judgment entered is covered under the terms of the Policy issued by St. Paul. St. Paul breached its duties under the Policy by refusing to settle the McCorquodales' claims within Policy limits, and by refusing to pay the judgment entered against Chilton.

39.     The Securities exclusion does not apply because 1) the award is not based on the violation by Chilton of any federal securities laws, 2) the McCorquodales abandoned their claims under the Texas Securities Act, and 3) variable annuities are not considered securities under the Texas Securities Act.

40.     The market fluctuation exclusion does not apply because the exclusion is contained in the Mutual Funds Coverage Endorsement and applies only to the sale of mutual funds.   Variable annuities are neither mutual funds nor securities.   At the very least, the exclusion is ambiguous and must be construed in Chilton's favor.

41.     St. Paul is estopped from relying upon either the securities exclusion or the market fluctuation exclusion in any event because it undertook Chilton's defense without properly raising the exclusions, thereby prejudicing both Chilton's right to independent counsel and his ability to adequately prepare for the immediate suspension of his license following the issuance of the award.

**SECOND CAUSE OF ACTION – STOWERS LIABILITY**

42.     Chilton incorporates the allegations made in paragraphs 1 - 41 above.

43.     During the proceedings, the McCorquodales presented a demand for settlement within the limits of the Policy, in exchange for a complete and unconditional release of their

---

claims.

44.     St. Paul not only refused the demand, it failed to pursue or explore any meaningful opportunity for settlement, knowing full well the damage and harm that would befall Chilton in the event he was exposed to a judgment in excess of Policy limits that he could not pay.

45.     In so doing, St. Paul violated the duties owed to Chilton under *G. A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W. 2d 544, 547 (Tex. Comm. App. 1929, holding approved).

## THIRD CAUSE OF ACTION – VIOLATIONS OF THE TEXAS INSURANCE CODE

46.     Chilton incorporates the allegations made in paragraphs 1 - 45 above.

47.     St. Paul's conduct, as more fully described above, constitutes a violation of the Texas Insurance Code, § 541.060 et al, or the Unfair Settlement Practices Act by engaging in one or more of the following prohibited acts:

> a.     Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear. TEX. INS. CODE § 541.060 (a)(2)(A);
>
> b.     Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim. TEX. INS. CODE § 541.060(a)(3);
>
> c.     Failing within a reasonable time to affirm or deny coverage of a claim to a policyholder. TEX. INS. CODE § 541.060(a)(4)(A); and
>
> d.     Refusing to pay a claim without conducting a reasonable investigation with respect to the claim. TEX. INS. CODE § 541.060(a)(7).

48.     Defendant's conduct was done knowingly within the meaning of Tex. Ins. Code § 541.002(1). As a result of its actions, Defendant is subject to statutory penalties, including treble damages pursuant to Tex. Ins. Code § 541.152(b).

---

## DAMAGES

49.     Chilton incorporates the allegations made in paragraphs 1 - 48 above.

50.     As a result of St. Paul's conduct, Chilton has and will continue to suffer direct economic loss and damage, unending consequential damage, and irreparable harm and injury to his reputation.  Chilton was also forced, as a result of St. Paul's erroneous denial, to retain the services of the undersigned counsel.

51.     Chilton is entitled to recover the damages claimed, in addition to treble damages, punitive damages and attorneys' fees pursuant to the Texas Insurance Code and the Texas Civil Practice & Remedies Code.  See Tex. Civ. Prac. & Rem. Code § 38.001(8) (statutory basis for recovery of attorneys' fees in breach of contract case); and Tex. Ins. Code § 541.152(a)(1) (prevailing plaintiff may recover actual damages, plus court costs and reasonable and necessary attorneys' fees).

## CONCLUSION

Plaintiffs Chilton Financial Services, L.P. and Terry Wayne Chilton respectfully request that Defendant St. Paul Marine and Fire Insurance Company be cited to appear, that the Court award Plaintiffs the relief requested above, along with attorneys' fees, costs of court, pre-judgment interest and post-judgment interest, and such other and further relief, in law and equity, general and specific, to which Plaintiffs may be justly entitled.

Respectfully submitted,

By:  */s/ Tarron L. Gartner*
    Tarron L. Gartner
    State Bar No. 18686175
    tarron@amystewartlaw.com
    Whitney Warren
    State Bar No. 24084395
    whitney@amystewartlaw.com
    AMY STEWART PC
    5307 E. Mockingbird Lane, Suite 425
    Dallas, Texas 75206
    (214) 233-7076 – telephone
    (214) 975-2806 – facsimile

**ATTORNEYS FOR PLAINTIFFS**
**CHILTON FINANCIAL SERVICES, L.P.**
**AND TERRY WAYNE CHILTON**

4835-3726-3913, v.  1

RECEIPT FOR FEES                                                    E-FILING

Cause No: A-0197597          Date:  9/25/15          Receipt No:   325499
   Style:  CHILTON FINANCIAL SERVICES LP ET AL
      vs ST PAUL FIRE AND MARINE INSURANCE COMPANY

Paid By: GARTNER-ILAI, TARRON                                        P
Amt Paid:                            Bal Due:




                    JAMIE SMITH, CLERK DISTRICT COURTS
                         Jefferson County, Texas

                    By:  _____
_____          ODBC              Deputy



FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/15/2015 4:42:43 PM
JAMIE SMITH
DISTRICT CLERK

JAMIE SMITH
JEFFERSON COUNTY DISTRICT CLERK
1085 PEARL STREET, ROOM 203, BEAUMONT, TX 77701-197597

# REQUEST FOR PROCESS

All sections <u>must</u> be completed for processing this request.

---

**Section 1:**

Cause No. ___A-197597___          Date  October 15, 2015

Style:

Chilton Financial Services, L.P. and Terry Wayne Chilton

VS

St. Paul Fire and Marine Insurance Company

---

**Section 2:**

Check Process Type:

☒ Citation    ☐ Precept to Serve / Notice of Hearing/Notice to Show Cause    NOTE: $8.00 citation fee was paid with initial filing of original petition

☐ Temporary Restraining Order

☐ Application for Protective Order / Temporary (Ex Parte) Protective Order

☐ Notice of Registration of Foreign Judgment    ☐ Citation by Posting

☐ Writ of_____    ☐ Other_____

☐ Citation by Publication*- Newspaper: _____

☒ Check box if you would like the District Clerk's Office to make copies for your service. ($1.00 per page per pleading for copies for service)   NOTE: $12.00 for copy fee was paid with initial filing of original petition

---

**Section 3:**

## Title of Document/Pleading to be attached for service: Plaintiffs' First Amended Petition

Note: You must furnish <u>one copy</u> of the document/pleading for <u>each</u> party served.

---

**Section 4: PARTIES TO BE SERVED (Please type or print):**

1. Name: St. Paul Fire and Marine Insurance Company, c/o reg'd agent: Corporation Service Company

   Address: 211 East 7th Street, Suite 620

   City: Austin          State: Tx          Zip: 78701

2. Name:_____

   Address:_____

   City:_____   State:_____   Zip:_____

3. Name:_____

   Address:_____

   City:_____ State:_____ Zip:_____

4. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

5. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

Section 5

**Check Service Type:**

☐    No Service                    ☐    Secretary of State

☐    Sheriff                       ☐    Commissioner of Insurance

☐    Constable Pct.                ☐    Out of County

☐    Out of State                  ☐    Private Process    ☐ Other

☒    Certified Mail   NOTE: $70 CMRRR service fee was paid with initial filing of the original petition

Section 6 (<u>ONLY</u> if Section 7 does not apply)

**Attorney Name:**___Tarron Gartner-Ilai_____

**Address:**___Amy Stewart PC, 5307 E. Mockingbird Ln., Ste. 425_____
                          Street/P.O. Box

_____Dallas_____          ____Tx____          ____75206____
         City                   State                Zip

Attorney's Telephone No. __214-233-7076____ Attorney's Bar No. __18686175____

Section 7 (<u>ONLY</u> if Section 6 does not apply)

**Pro-Se Name:**_____

Address:_____

_____    _____    _____
         City                   State                Zip

Telephone No. _____

Section 8

**Check Delivery Type:**

☐  Hold for pick up    ☐  Mail to Attorney

RECEIPT FOR: FEES           E-FILING

Cause No: A-0197597       Date: 10/16/15       Receipt No:  327464
  Style:  CHILTON FINANCIAL SERVICES LP ET AL
      vs ST PAUL FIRE AND MARINE INSURANCE COMPANY

Paid By: GARTNER-ILAI, TARRON                      P
Amt Paid:                     Bal Due:

JAMIE SMITH, CLERK DISTRICT COURTS
Jefferson County, Texas

By: _____

_____    ODBC         Deputy

RECEIPT FOR: FEES                                    E-FILING

Cause No: A-0197597          Date: 10/16/15          Receipt No:  327464
  Style:  CHILTON FINANCIAL SERVICES LP ET AL
      vs ST PAUL FIRE AND MARINE INSURANCE COMPANY

  Paid By: GARTNER-ILAI, TARRON                              P
  Amt Paid:                          Bal Due:




                    JAMIE SMITH, CLERK DISTRICT COURTS
                       Jefferson County, Texas

                          By: _____
_____     ODBC            Deputy

C0197597---00005

Citation by Mailing

## THE STATE OF TEXAS

No. A-0197597

### CHILTON FINANCIAL SERVICES LP ET AL
### VS. ST PAUL FIRE AND MARINE INSURANCE COMPANY

## CITATION BY MAILING

## 58 th JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To: **ST PAUL FIRE AND MARINE INSURANCE COMPANY**
**C/O CORPORATION SERVICE COMPANY**

by serving at:
**211 EAST 7TH STREET**
**STE 620**
**AUSTIN, TX    78701 0000**

DEFENDANT:

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1001 Pearl St., 2nd floor, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 58 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 25th day of September, 2015.  It bears cause number A-0197597 and is styled:

Plaintiff:

**CHILTON FINANCIAL SERVICES LP ET AL**

VS.

**ST PAUL FIRE AND MARINE INSURANCE COMPANY**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff, if pro se) is:

**GARTNER-ILAI, TARRON, Atty.**
**,    0 0**

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (1ST AMENDED) **ALSO ATTACHED LETTER DESIGNATING ALL CASES EFILE** accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 19th day of October, 2015.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

*Regan Corbello*

Regan

## RETURN OF SERVICE

A-0197597                58 th JUDICIAL DISTRICT COURT

CHILTON FINANCIAL SERVICES LP ET AL

ST PAUL FIRE AND MARINE INSURANCE COMPANY

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE:**

ST PAUL FIRE AND MARINE INSURANCE COMPANY

C/O CORPORATION SERVICE COMPANY

211 EAST 7TH STREET

STE 620

AUSTIN, TX 78701 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____, o'clock ____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation by Mailing at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy  $_____

Total                                $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____

Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is

_____ (First, Middle, Last)

_____

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____

Declarant/Authorized Process Server

_____

(Id # expiration of certification)

C0197597---00005

## THE STATE OF TEXAS

No.  A-0197597

CHILTON FINANCIAL SERVICES LP ET AL
VS.  ST PAUL FIRE AND MARINE INSURANCE COMPANY

## CITATION BY MAILING

### 58 th JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To: **ST PAUL FIRE AND MARINE INSURANCE COMPANY**
**C/O CORPORATION SERVICE COMPANY**

by serving at:
**211 EAST 7TH STREET**
**STE 620**
**AUSTIN, TX    78701 0000**

**DEFENDANT:**

NOTICE:

     You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Said answer may be filed by mailing same to:  District Clerk's Office, 1001 Pearl St., 2nd floor, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office. The case is presently pending before the 58 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 25th day of September, 2015. It bears cause number A-0197597 and is styled:

Plaintiff:

**CHILTON FINANCIAL SERVICES LP ET AL**
VS.
**ST PAUL FIRE AND MARINE INSURANCE COMPANY**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff, if pro se) is:

**GARTNER-ILAI, TARRON, Atty.**
**, 0 0**

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (1ST AMENDED)
**ALSO ATTACHED LETTER DESIGNATING ALL CASES EFILE** accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 19th day of October, 2015.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Regan Corbello

Regan

### RETURN OF SERVICE

A-0197597                58 th JUDICIAL DISTRICT COURT

CHILTON FINANCIAL SERVICES L.P ET AL

ST PAUL FIRE AND MARINE INSURANCE COMPANY

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _St Paul Firet Marine Ins_ on the _22_ day of

_October_ , 20_15_ .

_____ , Officer

_____ , County, Texas

By: _____ , Deputy

**ADDRESS FOR SERVICE**:

ST PAUL FIRE AND MARINE INSURANCE COMPANY

C/O CORPORATION SERVICE COMPANY

211 EAST 7TH STREET

STE 620

AUSTIN, TX 78701 0000

### OFFICER'S RETURN

Came to hand on the _22_ day of _October_ , 20_15_, at _1:20_ , o'clock _P_ .m., and executed in

_Jefferson_ , County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation

with the date of delivery endorsed thereon, together with the accompanying copy of the Citation by Mailing at the following times and

places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
| Not legible | 10/22/15 | 211 E. 7th St. Ste 620 Austin TX 78701 |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _Certified mail_

_____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES**:

Serving Petition and Copy $ _70.00_

Total                         $ _____

_____ , Officer

_____ , County, Texas

By: _____ , Deputy

_____

Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature
is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be
signed under penalty of perjury and contain the following statement:

"My name is _____ , my date of birth is _____ , and my address is _____

                    (First, Middle, Last)

_____

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ , County, State of _____ , on the _____ day of _____ .

_____

Declarant/Authorized Process Server

_____

(Id # expiration of certification)

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To ST PAUL FIRE AND MARINE INSURANCE COMPANY
Street, Apt. No.; or PO Box No.  211 EAST 7TH STREET
City, State, ZIP+4  AUSTIN, TX 78701

7014 0510 0001 7428 4477

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FILED

at 1:20 o'clock

OCT 2 8 2015

JAMIE SMITH, DISTRICT CLERK
Jefferson County, Texas

ST PAUL FIRE AND MARINE INSURANCE COMPA
211 EAST 7TH STREET
STE 620
AUSTIN, TX 78701

A-0197597; 10/19/15
ST PAUL FIRE AND MARINE INSURANCE COMPA

BY DEPUTY

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                        ☑ Agent
                         ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
                                   10/22/15

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

M

3. Service Type
☑ Certified Mail®        ☐ Priority Mail Express™
☐ Registered            ☐ Return Receipt for Merchandise
☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)        ☐ Yes

2. Article Number
(Transfer from service label)    7014 0510 0001 7428 4477

PS Form 3811, July 2013          Domestic Return Receipt

RECEIPT FOR: FEES                                                E-FILING

Cause No: A-0197597          Date: 11/09/15          Receipt No:  329621
  Style:  CHILTON FINANCIAL SERVICES LP ET AL
       vs ST PAUL FIRE AND MARINE INSURANCE COMPANY

  Paid By: GARTNER-ILAI, TARRON                                P
  Amt Paid:       3.00 EFILE007747480-0   Bal Due:

    3.00    COPIES




              JAMIE SMITH, CLERK DISTRICT COURTS
                 Jefferson County, Texas

                       By: _____
                            ODBC              Deputy
_____

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
11/9/2015 3:00:40 PM
JAMIE SMITH
DISTRICT CLERK
A-197597

Tarron Gartner-Ilai
Principal
214 347 9397 *direct*
214 766 1360 *mobile*
tarron@amystewartlaw.com

## amy stewart LAW

November 9, 2015

**Via ECF filing**

Amy Stewart PC
Mockingbird Station
5307 E. Mockingbird Lane
Suite 425
Dallas, Texas 75206
214 233 7076 *main*
214 975 2806 *fax*
amystewartlaw.com

District Clerk
58th Judicial District
Jefferson County
1085 Pearl St., Rm. 203
Beaumont, Texas 77701

RE:    Cause No. A-197597, *Chilton Financial Services, L.P. and Terry Wayne Chilton v. St. Paul Fie and Marine Insurance Company*; 58th Judicial District Court, Jefferson County, Texas

Dear Clerk:

Service was had upon Defendant St. Paul via certified mail through its registered agent on October 22, 2015.  Please email a copy of the citation and return of service to our office at:

tammi@amystewartlaw.com

The copy fee of $3.00 has been paid through the ECF filing system.  Should you have any questions, please contact my paralegal, Tammi Pintor, at 214-233-7076.

Sincerely,

*Tarron Gartner-Ilai*
Tarron Gartner-Ilai

TGI/tsp

4837-8458-0394, v.  1

*insurance
coverage
advocates*

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
11/16/2015 9:05:18 AM
JAMIE SMITH
DISTRICT CLERK
A-197597

CAUSE NO. A-197597

| | | |
|---|---|---|
| CHILTON FINANCIAL SERVICES, L.P. | § | IN THE DISTRICT COURT |
| AND TERRY WAYNE CHILTON, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 58th JUDICIAL DISTRICT |
| | § | |
| ST. PAUL FIRE AND MARINE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | JEFFERSON COUNTY, TEXAS |

## ORIGINAL ANSWER OF DEFENDANT
## ST. PAUL FIRE AND MARINE INSURANCE COMPANY

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant St. Paul Fire and Marine Insurance Company ("St. Paul") files this its Original Answer to the Plaintiffs' First Amended Petition (the "Petition") filed by Plaintiffs Chilton Financial Services, L.P. and Terry Wayne Chilton ("Plaintiffs") as follows:

### I.
### GENERAL DENIAL

1.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, St. Paul generally denies each and every allegation contained in the Petition, and any subsequent amendments or supplements thereto, and demands strict proof thereof.

### II.
### AFFIRMATIVE/ADDITIONAL DEFENSES

2.    Plaintiffs' claims are barred, in whole or in part, to the extent that the Petition fails to state a claim upon which relief can be granted.

3.    Plaintiffs' claims are barred, in whole or in part, by the terms, limitations, conditions, definitions, and exclusions of the Insurance Professionals Liability Coverage Policy

No. ZPL11P0498213N1 issued by St. Paul to Chilton Financial Services, L.P. for the **Policy Period** from July 15, 2013 to July 25, 2014 (the "Policy").[1]

    4.    Plaintiffs' claims are barred, in whole or in part, because St. Paul at all pertinent times performed within the terms, limitations, conditions, definitions, and exclusions of the Policy and fully complied with all of its obligations under the Policy.

    5.    Plaintiffs' claims are barred, in whole or in part, based on the requirements of the Policy's insuring agreement, which states:

> The Company will pay on behalf of the **Insured**, **Damages** and **Defense Expenses** for any **Claim** first made during the **Policy Period**, or any extended reporting period that applies, that is caused by a **Wrongful Act** committed on or after any applicable Retroactive Date set forth in ITEM 5 of the Declarations, provided that no **Principal Insured** on the Knowledge Date set forth in ITEM 5 of the Declarations had any basis to believe that such **Wrongful Act** might reasonably be expected to be the basis of a **Claim**.

* * * *

    6.    Plaintiffs' claims are barred, in whole or in part, on the basis that on the Knowledge Date set forth in ITEM 5 of the Policy's Declarations, which is July 15, 2010, a **Principal Insured** had a basis to believe that the **Wrongful Acts** at issue might reasonably be expected to be the basis of a **Claim**.

    7.    Plaintiffs' claims are barred, in whole or in part, to the extent that the amounts for which coverage is sought do not constitute **Damages**, which is defined in the Policy as follows:

> *Damages* means money that an **Insured** is legally obligated to pay as settlements, judgments and compensatory damages; punitive or exemplary damages if insurable under the applicable law most favorable to the insurability of punitive or exemplary damages; or prejudgment and postjudgment interest.

> *Damages* does not include the following:

---

[1] The capitalized words in bold font are terms which are defined in the Policy and are used herein in accordance with those definitions.

1.   Civil or criminal fines; sanctions; liquidated damages; payroll or other taxes; penalties; the multiplied portion of any multiplied damage award; equitable or injunctive relief; any return, withdrawal, restitution or reduction of professional fees, profits or other charges; or damages or types of relief deemed uninsurable under applicable law.

2.   **Defense Expenses**.

\* \* \* \*

8.   Plaintiffs' claims are barred, in whole or in part, based on the following provision in the Policy's Specified Professional Service with Specified Professional Service Wrongful Act Date Endorsement (No. PTC-2066 Ed. 07-10):

This policy does not apply to any **Claim** based upon or arising out of a **Wrongful Act** in the rendering of, or failure to render, any Specified Professional Service set forth below committed prior to the Specified Professional Service Wrongful Act Date set forth below for such Specified Professional Service:

**Specified Professional Service**

Mutual Funds

**Specified Professional Service Wrongful Act Date**

07/15/2013

\* \* \* \*

9.   Plaintiffs' claims are barred, in whole or in part, based on the following exclusion added by the Policy's Mutual Funds Coverage Endorsement (No. IPL-2002 Ed. 07-10):

**Market Value Fluctuation**

This policy does not apply to any **Claim** based upon or arising out of any actual or alleged loss sustained through fluctuation in the market value of any security.

\* \* \* \*

10.   Plaintiffs' claims are barred, in whole or in part, based on the following exclusion in Section V.H. of the Policy:

**Fees, Deposits, Commissions, Premiums, Taxes, Or Other Charges**

This policy does not apply to any **Claim** based upon or arising out of any fees, deposits, commissions, premiums, taxes, or other charges.

\* \* \* \*

11.     Plaintiffs' claims are barred, in whole or in part, based on the following exclusion in Section V.O. of the Policy, as amended by the Mutual Funds Coverage Endorsement (No. IPL-2002 Ed. 07-10):

**Securities**

This policy does not apply to any **Claim** based upon or arising out of any violation of the Securities Act of 1933, as amended, the Securities Exchange Act of 1934, as amended, or any state Blue Sky law, or any similar state or federal statute or law, or any regulation or order issued pursuant to any of the foregoing.

This policy also does not apply to any **Claim** based upon or arising out of the willful violation of the rules and regulations of the National Association of Securities Dealers, the Securities and Exchange Commission, or any state securities regulatory authority.

\* \* \* \*

12.     Plaintiffs' claims are barred, in whole or in part, based on the following exclusion in Section V.Q. of the Policy, as amended by the Mutual Funds Coverage Endorsement (No. IPL-2002 Ed. 07-10):

**Warranties Or Guarantees**

This policy does not apply to any **Claim** based upon or arising out of any written or oral warranty or guarantee by an **Insured**, as to the availability of funds or a rate of return.

This policy also does not apply to any **Claim** based upon or arising out of the making or stating of any promise or guarantee as to the future value of any investment.

\* \* \* \*

13.   Plaintiffs' claims are barred, in whole or in part, based on the following exclusion in Section V.E. of the Policy:

**Criminal, Dishonest, Fraudulent Or Malicious Conduct**

This policy does not apply to any **Claim** based upon or arising out of any:

1.   criminal, dishonest, fraudulent or malicious conduct; or

2.   other willful violation of laws,

committed by the **Insured** or by anyone with the consent or knowledge of the **Insured**, provided that this exclusion does not apply to any **Insured Person** who did not participate in or have knowledge of such conduct or violation.

\* \* \* \*

14.   Plaintiffs' claims are barred, in whole or in part, based on the following exclusion in Section V.D. of the Policy:

**Contract Liability**

This policy does not apply to any **Claim** based upon or arising out of any liability assumed by an **Insured** under any contract or agreement, whether oral or written except to the extent that the **Insured** would have been liable in the absence of such contract or agreement.

\* \* \* \*

15.   Plaintiffs' claims are barred, in whole or in part, based on the Policy's applicable limit of liability and deductible.

16.   Plaintiffs' claims are barred, in whole or in part, based on the fortuity doctrine, the known loss rule, and/or the loss in progress rule.

17.   Plaintiffs' claims are barred, in whole or in part, based on the equitable doctrines of waiver, estoppel, and/or unclean hands.

18.   Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to mitigate their claimed damages.

19.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' damages, if any, were proximately caused by the negligence or fault of Plaintiffs or anyone acting under their direction or control.

20.     Plaintiffs' claims are barred, in whole or in part, because St. Paul fully complied with all of its contractual obligations under the Policy and did not breach the Policy.

21.     Plaintiffs' claims are barred, in whole or in part, because St. Paul fully complied with all of its obligations under *G.A. Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved) and its progeny.

22.     Plaintiffs' claims are barred, in whole or in part, because the Petition does not state a valid cause of action for recovery of attorney's fees and costs.

23.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot state a valid claim for recovery under Chapter 541 of the Texas Insurance Code ("Chapter 541") because:

      a.     the Policy does not provide coverage for the amounts awarded in the underlying arbitration award and judgment as set forth in the Petition;

      b.     St. Paul complied with all requirements under Chapter 541;

      c.     St. Paul's liability was never reasonably clear, and St. Paul did not fail to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the underlying claim;

      d.     St. Paul promptly provided to Plaintiffs reasonable and correct explanations of its coverage positions.

      e.     St. Paul did not fail to affirm or deny the claim within a reasonable time; and

    f.  St. Paul conducted a reasonable investigation with respect to the claim.

  24.  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot state a valid claim for recovery of statutory penalties, treble damages, multiplied damages, punitive damages, or exemplary damages under Chapter 541 or the common law because to the extent St. Paul committed any act or omission in violation of Chapter 541 or the common law (which St. Paul denies), such act or omission was not done knowingly, intentionally, or with bad faith, fraud, malice, or gross negligence.

  25.  Plaintiffs' claims are barred, in whole or in part, because any imposition of statutory penalties, treble damages, multiplied damages, punitive damages, or exemplary damages would be unconstitutional under the United States and Texas Constitutions, respectively. In support of this assertion, St. Paul asserts, without limitation, that Plaintiffs' claims for recovery of any such amounts violate:

    a.  St. Paul's right to equal protection under the law as guaranteed by the United States Constitution and the Texas Constitution;

    b.  the open courts provision of the Texas Constitution;

    c.  St. Paul's right to trial by jury under the Texas Constitution;

    d.  St. Paul's right to procedural due process;

    e.  the prohibition against excessive fines and penalties under the Fourteenth Amendment of the United States Constitution and the due process clause of the Texas Constitution;

    f.  St. Paul's right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 10 and 13 of the Texas Constitution; and

g.      St. Paul's right not to be subjected to an excessive award in violation of

the Eighth Amendment to the United States Constitution.

26.      The insurance coverage provided by St. Paul is subject to and limited by all of the

terms, limitations, conditions, definitions, and exclusions of the Policy.   There may be additional

policy terms, limitations, conditions, definitions, and exclusions that operate to bar or limit

coverage for some or all of the amounts for which Plaintiffs seek coverage and of which St. Paul

is presently unaware.   Further, St. Paul may have additional defenses that cannot now be

articulated due to insufficient knowledge or information.   St. Paul therefore fully reserves its

right to amend its Answer and to assert additional defenses as become known upon further

investigation and discovery.

### III.  CONCLUSION AND PRAYER

St. Paul respectfully requests that the Court enter judgment denying all the relief

requested by Plaintiffs in the Petition and awarding St. Paul all such other and further relief,

general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,


By:   _/s/ J. Price Collins_____
         J. Price Collins
         State Bar No.: 04610700
         price.collins@wilsonelser.com
         Ashley F. Gilmore
         State Bar No.: 50511704
         ashley.gilmore@wilsonelser.com

WILSON ELSER MOSKOWITZ EDELMAN &
DICKER LLP
901 Main Street, Suite 4800
Dallas, TX  75202-3758
Telephone:  214-698-8000
Facsimile:  214-698-1101

**ATTORNEYS FOR DEFENDANT ST. PAUL
FIRE AND MARINE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that, on November 16, 2015, a true and correct copy of the foregoing

Original Answer of Defendant St. Paul Fire and Marine Insurance Company was served on the

following counsel of record via the Court's electronic filing system and by certified mail, return

receipt requested:

Tarron L. Gartner
Whitney Warren
AMY STEWART PC
5307 E. Mockingbird Lane, Suite 425
Dallas, Texas 75206

**ATTORNEYS FOR PLAINTIFFS CHILTON FINANCIAL
SERVICES, L.P. and TERRY WAYNE CHILTON**

_/s/ J. Price Collins_
J. Price Collins

Cause No: A-0197597          Date: 11/16/15          Receipt No:  330100
  Style:  CHILTON FINANCIAL SERVICES LP ET AL
      vs ST PAUL FIRE AND MARINE INSURANCE COMPANY

Paid By: NO ATTORNEY AT THIS TIME                              P
Amt Paid:                              Bal Due:




                    JAMIE SMITH, CLERK DISTRICT COURTS
                       Jefferson County, Texas

                          By: _____
_____        ODBC            Deputy

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING | |
|---|---|---|---|---|---|
| A-0197597- | CHILTON FINANCIAL SERVICES LP VS ST PAUL FIRE AND MARINE INSURANCE COMP | GARTNER-ILAI, TARRON PLFT NO ATTORNEY AT THIS TIME DEFT | OTHER CASE | 9/24/2015 | |
| | | | DISPOSITION DATE | JURY FEE | DATE |

| DATE OF ORDERS | ORDERS OF THE COURT | PROCESS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |